**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 16 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10170 |
| Plaintiff-Appellee, | D.C. No. 1:10-cr-00023-SOM-1 |
| v. | |
| MARCUS XAVIER ARRINGTON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan O. Mollway, District Judge, Presiding

Submitted December 11, 2019**

Before:    WALLACE, CANBY, and TASHIMA, Circuit Judges.

Marcus Xavier Arrington appeals from the district court's judgment and

challenges the 12-month sentence and one special condition of supervised release

imposed upon revocation of supervised release.  We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Arrington contends that the district court erred by imposing the revocation sentence to punish him for the criminal conduct underlying the revocation, and to promote respect for the law. We review for plain error, *see United States v. Burgum*, 633 F.3d 810, 812 (9th Cir. 2011), and conclude that there is none. The record reflects that the district court relied on only proper sentencing factors, including Arrington's poor history on supervision, the need to afford adequate deterrence, and the need to protect the public. *See* 18 U.S.C. § 3583(e); *United States v. Simtob* 485 F.3d 1058, 1062-63 (9th Cir. 2007).

Arrington also challenges the special condition of supervised release that requires him to obtain permission from his probation officer before having any "direct contact" with minors under the age of 18. He maintains the condition is not reasonably related to his offense of conviction and is overbroad. The district court did not abuse its discretion or run afoul of the Constitution. *See United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009) (setting forth standard). As an initial matter, Arrington has not identified any familial relationship that would be impacted by this condition. Furthermore, the condition is reasonably related to the protection of the public and involves no greater deprivation of liberty than is reasonably necessary. *See* 18 U.S.C. § 3583(d)(1), (2); *United States v. Watson*, 582 F.3d at 983-85.

**AFFIRMED.**